IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANTHONY WOODS, | § | |
| | § | No. 393, 2015 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for Sussex County |
| | § | Cr. ID 1210018607 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: August 20, 2015
Decided: September 1, 2015

Before **STRINE**, Chief Justice; **HOLLAND**, and **SEITZ**, Justices.

## **O R D E R**

This 1st day of September 2015, it appears to the Court that:

(1)     On July 27, 2015, the Court received appellant Anthony Woods' *pro se* notice of appeal from a Superior Court order, dated October 1, 2014, denying his motion for postconviction relief.  Under Supreme Court Rule 6(a)(iii), a timely notice of appeal should have been filed on or before November 3, 2014.

(2)     The Clerk issued a notice directing Woods to show cause why the appeal should not be dismissed as untimely filed.  Woods filed a response to the notice to show cause on August 3, 2015.  He asserts that his appeal should not be dismissed because he told his appointed counsel, before

the Superior Court had even acted on his motion for postconviction relief, that he wanted to file an appeal if his motion was denied.

(3)     The Court directed Woods' postconviction counsel to file a response.  Among other things, counsel indicates that he did not receive anything from Woods asking to appeal the Superior Court's denial of his motion.  Counsel indicates that, although he believes Woods knew the deadline for taking an appeal, counsel could not locate a letter in Woods' file confirming that he had informed Woods in writing of the appeal deadline.  Woods asserts that this Court should accept his untimely appeal, which is almost nine months late, because counsel cannot prove in writing that he informed Woods of the appeal deadline.

(4)     We find no merit to Woods' argument.  Time is a jurisdictional requirement.[1]  A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[2]  Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court personnel, the appeal cannot be considered.[3]

---

[1]*Carr v. State*, 554 A.2d 778, 779 (Del.), *cert. denied*, 493 U.S. 829 (1989).

[2]Del. Supr. Ct. R. 10(a).

[3]*Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

(5)    Defense counsel is not court personnel.[4]  Consequently, even assuming that Woods timely informed defense counsel of his desire to appeal (which counsel disputes), this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal. Thus, the Court concludes that the appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED the appeal is DISMISSED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[4]*Chrichlow v. State*, 2009 WL 2027250 (Del. July 14, 2009).